WILLIAM D. BLETHEN *vs.* EBEN MURCH.

Piscataquis. Opinion March 15, 1888.

*Statute of limitations. Partnership. Promissory note.*

A payment made by a partner from his individual funds, on a firm debt, will not stop the running of the statute of limitations in favor of his co-partners.

ON report.

Assumpsit on the following note :

"$100.                              Dover, March 31st, 1875.

"On demand after date we promise to pay to the order of W. D. Blethen one hundred dollars at'—— with nine per cent int. Value received.                    Murch and Storer."

On the back were the following :

"One year's interest paid."

"Rec'd fifty-five dollars on the within note Jan. 18, 1881."

"Rec'd thirty dollars on the within note Feb. 15, 1881."

The writ is dated August 13th, 1886.

Other facts stated in the opinion.

*J. B. Peaks*, for plaintiff.

The simple question is, do the partial payments by one partner take the case out of the operation of the statute of limitations? This calls for a construction of sections 97 and 100 of c. 81, R. S. Before the Revised Statutes of 1840, c. 146, § § 19, 23 and 24, a partial payment of a promissory note, made by any one of the joint promisors, would take the note out of the statute of limitations. *Lincoln Academy* v. *Newhall & als.* 38 Maine, 179.

The first case I find reported, calling for a construction of the statute of 1840, c. 146, is *Wellman* v. *Southard*, 30 Maine, 425. It makes no difference whose money Storer made the payments with, so long as he did not disclose the fact to Blethen. *Holmes* v. *Durell*, 51 Maine, 201.

The defendant would have been liable upon a new note given by Storer to Blethen in the name of the firm, in renewal of the

balance due on the old note.  Whatever his liability might be upon a new note, the law is too well settled to admit of a doubt of his liability in the case at bar upon the facts agreed.  *Sage* v. *Ensign*, 2 Allen, 245 ; *Faulkner* v. *Bailey*, 123 Mass. 589.

*Morrill Sprague*, for the defendant, cited : *Shoemaker* v. *Benedict*, 11 N. Y. 176 ; *Walters* v. *Kraft*, 23 S. C. 578 (55 Am. R. 44) ; *Mix* v. *Shattuck*, 50 Vt. 421 (28 Am. R. 511) ; *Parker* v. *Butterworth*, 46 N. J. L. 244 (50 Am. R. 407) ; *Miller* v. *Miller*, 19 Alb. L. J. 462 ; *Willoughby* v. *Irish*, 55 Am. R. 52, in note ; *Winchell* v. *Hicks*, 18 N. Y. 558 ; *Kallenbach* v. *Dickinson*, 100 Ill. 427 (39 Am. R. 47) ; *Myatts* v. *Bell*, 41 Ala. 222 ; *Bush* v. *Stowell*, 71 Pa. 208 (10 Am. R. 694) ; *Odell* v. *Dana*, 33 Maine, 185 ; *Livermore* v. *Phillips*, 35 Maine, 184 ; *Hapgood* v. *Watson*, 65 Maine, 510 ; *Bell* v. *Morrison*, 1 Pet. 351 ; *Dickerson* v. *Turner*, 12 Ind. 233 ; *Merritt* v. *Day*, 38 N. J. L. 32 (20 Am. R. 362) ; *Elkinton* v. *Booth*, 143 Mass. 479 ; Story, Part. § 324 *et seq.* ; Parsons' Part. * 189, note *o* ; *Beitz* v. *Fuller*, 10 Am. Dec. 697 ; *National Bank* v. *Norton*, 1 Hill, 572 ; *Tate* v. *Clements*, 16 Fla. 339 (26 Am. R. 709) ; *True* v. *Andrews*, 35 Maine, 183.

WALTON, J.  It is settled law in this state (settled by statute) that a payment made by one joint contractor does not stop the running of the statute of limitations in favor of another.  R. S., c. 81, § 100.

And this provision applies to partners.  A payment by one partner will not affect his co-partners.  *True* v. *Andrews*, 35 Maine, 183.

It is claimed that if the payment is made before the partnership is dissolved, or before the creditor has notice of its dissolution, it will take the debt out of the operation of the statute with respect to all the members of the firm.  We think not.  The statute contains no such exception, and no such distinction was made in the case just cited.  It was there held to have been the intention of the legislature to deprive one joint contractor of the power to revive the contract against another by any acknowledgment, promise, or payment whatever, so as

to deprive him of the benefit of the statute. A payment made before dissolution from partnership funds, might, perhaps, be regarded as a payment by all the partners, and thus affect them all. But if the payment is in fact made by one of the partners only, and this fact is made to appear, it is immaterial whether it is made before or after dissolution; it will in neither case affect any one but him who makes it. And the dissolution itself being an immaterial fact, of course notice of it to the creditor is immaterial.

Such being the law, it is clear that this action cannot be sustained. The note in suit was payable on demand. From the date of the note to the date of the writ was over eleven years. No payments have been made by the defendant. His former partner, after a dissolution of the firm, in pursuance of an agreement to pay all the partnership debts, and from his own funds, paid one year's interest and all of the principal but fifteen dollars. He is now dead, and the action is against the survivor. But the latter has done nothing to stop the running of the statute of limitations in his favor, and very clearly the action is not maintainable.

*Judgment for defendant.*

PETERS, C. J., DANFORTH, EMERY and HASKELL, JJ., concurred.

LIBBEY, J., did not sit.